IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| KEVIN C. SHULER, | ) | |
| | ) | Case No. 4:08CV00019 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CORNING, INC., | ) | |
| | ) | By: Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |
| | ) | |

Before me is Defendant's *Motion to Dismiss*. I heard oral argument on this motion on August 12, 2008, and it has been briefed by the parties and is now ripe for decision. For the reasons given below, I will **GRANT** the *Motion to Dismiss*.

## I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

This case arises from a political discussion that occurred in the employee break room at the Corning facility in Danville, Virginia. Plaintiff Kevin Shuler ("Shuler"), a *pro se* litigant, alleges racial harassment and a hostile work environment under Title VII. Plaintiff's Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC") alleged: "I believe that I was intimidated and harassed because of my race, Black, in violation of Title VII of the Civil Rights Act of 1964 as amended."1 The EEOC concluded its initial investigation, made no finding, and issued a 90 day letter. Plaintiff filed this action, using the form used by *pro*

---

[1] Plaintiff's EEOC Charge of Discrimination states in relevant part:
  I was hired in July 2002 as a[n] Inspector, my current position is House Keeper Specialist. On November 3, 2007, I was in the employee break room with Gary Fitzgerald, Supervisor, he made several racial remarks in my presence that offended me. He stated that it was convenient that Bara[c]k Obama was Black and that he was just trying to get Black votes. He also stated that Bara[c]k Obama was probably related to the terrorist Osama. I found these statements to be intimating [sic] and harassing. I complained to higher management but nothing was done.
*Plaintiff's Charge of Discrimination.*

*se* litigants when filing a *Complaint* under the Equal Employment Opportunities Act, 42 U.S.C. § 2000(e) *et seq.*, alleging a hostile work environment.

Plaintiff's *Complaint* alleges that several racial remarks were made by his supervisor in the Corning break room. Specifically, Plaintiff alleges that his supervisor stated that it was convenient that Barack Obama was black and that Obama was just trying to get black votes. *Plaintiff's Charge of Discrimination*. Plaintiff also claims that his supervisor remarked that Barack Obama was probably related to the terrorist Osama bin Laden. *Id.* Plaintiff's *Complaint* states that he felt intimidated and harassed by these racially charged statements. *Id.* Plaintiff makes two additional claims in his *Amended Complaint* alleging Defendant engaged in discriminatory hiring practices and allocated overtime on the basis of race. *See Plaintiff's Amended Complaint* ¶¶ 2-3. Defendant has moved to dismiss this case, arguing that the political discussion in the break room is not sufficiently severe or pervasive to establish a hostile work environment claim under Title VII. Defendant also argues that Plaintiff's supplemental arguments regarding discriminatory hiring practices and allocation of overtime should be excluded because these claims are not reasonably related to his administrative claims in Plaintiff's EEOC Charge of Discrimination.

## II.     STANDARD OF REVIEW

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is limited to "the extraordinary case where the pleader makes allegations that show on the face of the complaint some insuperable bar to relief." *Browning v. Vecellio & Grogan, Inc.*, 945 F. Supp. 930, 931 (W.D. Va. 1996) (internal quotation omitted). When considering a motion to dismiss, "the court should accept as true all well-pleaded allegations" and construe those allegations in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

While the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level" or dismissal is appropriate. *Id.*

Dismissal under Rule 12(c) is appropriate when it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. The complaint must be construed in the light most favorable to the plaintiff and its well-plead facts must be accepted as true. *Newport News Indus. v. Dynamic Testing, Inc*., 130 F. Supp. 2d 745, 749 (E.D. Va. 2001). The court should not accept as true, however, legal conclusions or unwarranted factual inferences. *Id.* Vague or conclusory allegations are not sufficient to satisfy the notice of pleading requirement. *See Simpson v. Welch*, 900 F.2d 33, 35 (4th Cir. 1990).

## III.   DISCUSSION

In order to establish a claim for hostile work environment harassment, a plaintiff must demonstrate: (1) unwelcome conduct; (2) that is based on the plaintiff's membership in a protected class; (3) that is sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) some basis for imputing liability on the employer. *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 241 (4th Cir. 2000). The work environment must be one that a reasonable person would find hostile and abusive. In determining whether allegations are sufficiently severe or pervasive to establish a hostile work environment claim, courts look at the totality of the circumstances including: (1) the frequency of the conduct; (2) its severity; (3) whether it is physically threatening or humiliating; and (4) whether it physically interferes with an employee's work performance. *Hopkins v. Baltimore Gas & Elec. Co.*, 77

F.3d 745, 753 (4th Cir. 1996).

The sole cause of action in this case lies under Title VII. The basic question before me is whether the political comments made by Plaintiff's supervisor in the break room are severe and pervasive enough to create a hostile work environment under Title VII. After surveying the other federal courts that have considered this issue, I must answer this question in the negative. The political comments made in the break room are not sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create and abusive atmosphere and I will therefore grant Defendant's *Motion to Dismiss*.

The boundaries of hostile work environment claims under Title VII have been well defined by the courts. The United States Supreme Court has held that the "standards for judging hostility are sufficiently demanding to ensure that Title VII does not become a general civility code . . . [w]e have made it clear that conduct must be extreme to amount to a change in the terms and conditions of employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). The Supreme Court has stated that simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment. *See id.* Indeed, the Fourth Circuit has previously found that a reasonable person would not find a work environment hostile or abusive based on a single incident of racial harassment involving a severely offensive racial slur. *See Shields v. FedEx Corp.*, 120 Fed App'x 956, 961 (4th Cir. 2005).

The supervisor's statements in the break room regarding Barack Obama being black do not constitute sufficiently severe or pervasive conduct to alter the conditions of employment based on the standard set forth by the Supreme Court in *Faragher*. It is clear from Plaintiff's *Brief in Opposition* to the motion that plaintiff and his supervisor, Fitzgerald, engaged in a rather

lively, if not heated, political discussion over the current Presidential race. Plaintiff admitted as much at oral argument. Although Plaintiff found the use of the term "black" offensive, it was inherent to the political discussion. Indeed, many of the political pundits who write and speak on this election have raised the same question: Is race a factor?

Assuming the word "black" is a racial slur and a reasonable person would find it offensive, the supervisor's comments fall well short of the severe and pervasive standard. The crux of the issue is that no reasonable person could have believed that the single incident recounted in Plaintiff's Charge of Discrimination violated Title VII's standard. An objectively reasonable person would not find comments regarding a Presidential candidate's race enough to create a racially hostile work environment. Nor could a reasonable person find the alleged comments in the break room altered the conditions of Plaintiff's employment. These comments, taken as a whole, fall into the *Faragher* category of a single offensive utterance rather than physically threatening or humiliating conduct. Therefore, Plaintiff's allegations of racial discrimination are not severe and pervasive enough to rise to the level of a hostile work environment under the purview of Title VII.

Plaintiff's response to Defendant's motion contains additional facts regarding the incident in the break room. Plaintiff alleges that the environment in the break room was racially charged and intimidating and that he felt threatened by his supervisor's racially charged comments. Plaintiff also asserts in his response that Corning officials deliberately stalled in investigating the incident in order to allow Plaintiff's supervisor to retire. Even if this court gives Plaintiff the benefit of the doubt by considering these additional facts as part of his EEOC Charge of Discrimination, Plaintiff's additional claims fail to meet the appropriate standard to establish a hostile work environment under Title VII. These additional allegations are still part

of a single occurrence and fall short of the severe and pervasive standard to qualify as a hostile work environment.

The additional allegations in Plaintiff's *Amended Complaint* must be dismissed. These additional claims were not asserted in his EEOC complaint. Claims omitted from administrative complaints may be pursued under Title VII only if the omitted claim is reasonably related to the allegations or would reasonably be expected to follow from an administrative investigation into the charge of discrimination. *See Chisholm v. U.S. Postal Serv.*, 665, F.2d 482, 491 (4th Cir. 1981). Plaintiff's claims of discriminatory hiring practices and overtime allocation procedures are not reasonably related to the political comments regarding Barack Obama which formed the basis of Plaintiff's EEOC administrative complaint. Furthermore, a reasonable investigation into the break room incident would not lead the EEOC to investigate the more generic employment practice claims outlined in Plaintiff's *Amended Complaint*. Thus, these additional claims are dismissed due to Plaintiff's failure to exhaust his administrative remedies.

## IV. CONCLUSION

For the reasons stated above, I will **GRANT** Defendant's *Motion to Dismiss*. An appropriate *Order* will be entered.

The Clerk is directed to send a copy of this *Memorandum Opinion* and the accompanying *Order* to all counsel of record and *pro se* plaintiff. The Clerk is also ordered to strike this case from the active docket of this Court.

Entered this 21st day of August, 2008.

s/Jackson L. Kiser
Senior United States District Judge